**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRACEY HEGGER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | |
| **TEXAS EAR, NOSE & THROAT** | § | **CIVIL ACTION NO. 4:15-CV-02556** |
| **CONSULTANTS, PLLC d/b/a** | § | |
| **CHILDREN'S ENT OF HOUSTON;** | § | |
| **JOSEPH L. EDMONDS, M.D.;** | § | |
| **JAMES T. ALBRIGHT, M.D.; and** | § | |
| **NEWTON O. DUNCAN, M.D.,** | § | |
| | § | |
| **Defendants.** | § | **[JURY TRIAL DEMANDED]** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tracey Hegger ("Hegger") files this Original Complaint to recover unpaid overtime wages from Defendants Texas Ear, Nose & Throat Consultants, PLLC d/b/a Children's ENT of Houston ("TENT"); Joseph L. Edmonds, M.D. ("Dr. Edmonds"); James T. Albright, M.D. ("Dr. Albright"); and Newton O. Duncan, M.D. ("Dr. Duncan") (collectively, "Defendants").

### I. NATURE OF SUIT

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers.  29 U.S.C. §§ 206(a) & 207(a).

2.      The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers rather than employing the same number of workers for longer hours; and 2) compensating employees who work overtime.

3.      Defendants have violated the FLSA by failing to pay Hegger time and one-half her regular hourly rate for each hour she worked in excess of 40 per work week.  Accordingly, Hegger brings this action to recover unpaid overtime wages under §§ 207 and 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

5.      Hegger's claims arise under §§ 207 and 216(b) of the FLSA.  29 U.S.C. § 207; 29 U.S.C. § 216(b).  In connection with the acts and course of conduct alleged in this complaint, Defendants engaged in commerce or in the production of goods for commerce.  Further, Defendants are employers that engaged in commerce or in the production of goods for commerce and are, therefore, covered by the FLSA.

6.      Venue is proper in the Southern District of Texas – Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

## III. THE PARTIES

7.      Plaintiff Tracey Hegger was an employee employed by Defendants within the meaning of the FLSA.

8.      Defendant TENT is a professional limited liability company organized under the laws of the State of Texas, and at all times relevant, has been engaged in business in Harris

County, Texas. TENT is an "employer" under the FLSA and acted as such in relation to Hegger. TENT may be served with citation and process through its registered agent, Nancy A. Turner, at 6550 Fannin Street, Suite 2001, Houston, Texas 77030, or wherever she may be found.

9.     Defendant Joseph L. Edmonds, M.D. is an individual residing in the State of Texas and is the president of TENT. Dr. Edmonds is an "employer" under the FLSA and acted as such in relation to Hegger. Dr. Edmonds is also a part of an enterprise engaged in commerce and is subject to the requirements of the FLSA. Dr. Edmonds may be served with citation and process at his place of business, at 6550 Fannin Street, Suite 2001, Houston, Texas 77030, or wherever he may be found.

10.     Defendant James T. Albright, M.D. is an individual residing in the State of Texas and is a member of TENT. Dr. Albright is an "employer" under the FLSA and acted as such in relation to Hegger. Dr. Albright is also a part of an enterprise engaged in commerce and is subject to the requirements of the FLSA. Dr. Albright may be served with citation and process at his place of business, at 6550 Fannin Street, Suite 2001, Houston, Texas 77030, or wherever he may be found.

11.     Defendant Newton O. Duncan, M.D. is an individual residing in the State of Texas and is a member of TENT. Dr. Duncan is an "employer" under the FLSA and acted as such in relation to Hegger. Dr. Duncan is also a part of an enterprise engaged in commerce and is subject to the requirements of the FLSA. Dr. Duncan may be served with citation and process at his place of business, at 6550 Fannin Street, Suite 2001, Houston, Texas 77030, or wherever he may be found.

### IV. FACTS UNDERLYING THE CLAIMS

12.     Hegger commenced her employment with Defendants in or about July 2001 as a Senior Reimbursement Specialist. Hegger's duties primarily included performing medical

claims billing, reimbursement, and collections, as well as checking patients in and out of the office and serving as a back-up to answer the office telephones.

13. Throughout her employment, Defendants paid Hegger on an hourly basis and classified her as a non-exempt employee under the FLSA. Despite the fact that Hegger regularly worked in excess of 40 hours per work week—with the knowledge of Nancy Turner, Practice Manager, as well as Drs. Edmonds, Albright, and Duncan—Defendants failed to pay Hegger overtime compensation. Indeed, Hegger had several conversations with Dr. Edmonds, during which time Dr. Edmonds communicated that he was aware that Hegger routinely worked late at the office. In response, Hegger informed Dr. Edmonds that she was "off the clock," to which Dr. Edmonds would reply, "OK, don't stay too late."

14. As set forth above, Defendants were well aware that Hegger was working overtime during her employment. Because Hegger was a non-exempt employee, Defendants were required to pay her at one and one-half (1 ½) times her regular hourly rate for all hours she worked in excess of 40 in a single work week. 29 U.S.C. § 207(a).

15. Defendants' illegal pattern and practice with respect to overtime compensation for Hegger was in violation of the FLSA. Defendants knew or should have known that their policies and practices violated the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice.

### V. CAUSE OF ACTION: VIOLATION OF §§ 207 AND 216(B) OF THE FAIR LABOR STANDARDS ACT

16. Hegger incorporates herein all allegations contained in paragraphs 1 through 14.

17. Defendants had a statutory obligation to pay Hegger one and one-half (1 ½) times her regular hourly rate for all hours she worked in excess of 40 during a work week. 29 U.S.C. §

207. Hegger regularly worked in excess of 40 hours per work week during her employment with Defendants, and Defendants were aware that Hegger was performing such compensable work. However, Defendants failed and refused to pay Hegger for all such overtime compensation. Accordingly, pursuant to § 216(b) of the FLSA, Hegger is entitled to overtime compensation at the rate of one and one-half (1 ½) times her regular hourly rate for all hours she worked in excess of 40 in a given work week during her employment with Defendants.

18.     Hegger is also entitled to an amount equal to her unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

## VI. JURY DEMAND

19.   Hegger hereby demands a trial by jury.

## VII. PRAYER

20.    WHEREFORE, Hegger respectfully requests that judgment be entered in her favor, awarding her:

    a.  overtime wages for all unpaid hours worked in excess of 40 hours per work week during her employment with Defendants at the rate of one and one-half (1 ½) times her regular hourly rate;

    b.  an equal amount as liquidated damages as allowed under the FLSA;

    c.  an injunction against further violations;

    d.  reasonable attorneys' fees, costs, and expenses of this action; and

    e.  such other and further relief as may be required by law.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Daryl J. Sinkule*
      DARYL J. SINKULE
      State Bar No. 24037502
      dsinkule@eeoc.net
      MARK G. LAZARZ
      State Bar No. 12069100
      mlazarz@eeoc.net
      11 Greenway Plaza, Suite 1515
      Houston, Texas 77046
      Telephone: (713) 621-2277
      Facsimile: (713) 621-0993

      **ATTORNEYS FOR PLAINTIFF**
      **TRACEY HEGGER**